UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRADFORD HALL,
Plaintiff-Appellant,

v.                                                                    No. 97-2770

NORTON COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-96-3495-PJM)

Argued: October 27, 1998

Decided: December 29, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
MOON, United States District Judge for the Western District of
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Paul Zanelotti, KOONZ, MCKENNEY, JOHNSON,
DEPAOLIS & LIGHTFOOT, L.L.P., Greenbelt, Maryland, for
Appellant. Linda S. Woolf, GOODELL, DEVRIES, LEECH &
GRAY, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:**
Peter C. DePaolis, Marc Fiedler, KOONZ, MCKENNEY, JOHN-
SON, DEPAOLIS & LIGHTFOOT, L.L.P., Greenbelt, Maryland, for
Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Bradford Hall ("Hall") sued Norton Company ("Norton") for injuries he sustained as a result of handling a Norton portable concrete saw. The district court granted summary judgment on behalf of Norton and Hall now appeals this ruling. We affirm.

In the fall of 1993, Hall, a resident of Hedgesville, West Virginia, was employed by Perini Construction Company and assigned to work at a construction site in Winchester, Virginia. On November 22, 1993, appellant and a co-worker, Fredric Lewis, were attempting to load into an on-site storage trailer a Model C-117 portable concrete saw manufactured by Norton. Lewis, who was standing in the rear of the storage trailer, attempted to lift the saw by its handle. Appellant was standing either on the ground or on the trailer's steps, attempting to lift the saw by its frame. Suddenly, the saw slipped* from Lewis's grasp and the weight was transferred onto appellant. The pair then recovered their grasp on the saw and finished loading it into the trailer. Thereafter, Hall drove himself to an urgent care center to obtain treatment for the injuries he sustained to his chest.

Two and one-half years passed before anyone inspected the saw for defects. Prior to that time, the concrete saw continued to be used on construction sites by Perini. In May 1996, Kenneth McLauchlan, an engineer retained by Hall's worker's compensation insurer, retrieved the saw and inspected it for the first time on June 29, 1996. At that point, McLauchlan noted there was significant damage to the handle assembly, including a problem with the saw operator's right side set screw, which was bent in the vertical axis.

_____

*The thrust of Hall's complaint is that the saw's handle improperly slipped out about 10-12 inches from the saw's outer tubing in a telescoping fashion. He brought a products liability action based on this alleged malfunction with the saw.

2

Hall pled four causes of action: strict liability; negligence; implied warranty of merchantability; and implied warranty of fitness for a particular purpose. As part of his case, Hall planned to introduce the testimony of another engineering expert, David McClelland, regarding the allegedly defective design of the saw's thumb screw mechanism.

Prior to trial, Norton filed a Motion to Exclude Expert Testimony and Motion for Summary Judgment. Norton contended that Hall's claims were time-barred under the applicable Virginia and Maryland statutes. In addition, Norton asserted that McClelland lacked a sufficient factual basis for his opinion that the adjustable handle design employed by Norton was inadequate to support the weight of the saw. Norton moved to exclude this evidence for failure to meet the tests of reliability and relevance as required under the Federal Rules.

In opposition to Norton's motions, Hall filed a memorandum to which he attached an affidavit from McClelland elaborating upon his opinions regarding the defectiveness of the saw handle's thumb screw design. Norton then moved to strike McClelland's affidavit on the grounds that it purportedly contradicted his prior testimony and introduced new opinions. Hall responded by stating that McClelland's opinions in the affidavit were not new, but were clarifications of his previously stated opinion.

At a hearing on Norton's motions, the district court ruled that Hall's negligence and strict liability claims were barred by Virginia's statute of limitations, but that the warranty claims were probably timely under applicable Maryland law. The court then addressed the admissibility of Hall's expert testimony. While the court acknowledged that there was a disagreement among the parties regarding a potential discrepancy in the expert's deposition testimony and his affidavit statement, the main focus of the court's decision was on the fact that the expert's opinion did not support a claim for breach of warranty. Specifically, the court emphasized the lack of evidence to demonstrate that the concrete saw was not fit for the ordinary purpose for which it was intended or that the alternative designs proffered by Hall's expert were employed by other manufacturers in the construction of concrete saws. Therefore, the court granted Norton's motion to exclude Hall's expert testimony and awarded summary judgment on behalf of Norton.

3

This Court may only reverse the district court's decision concerning the admissibility of expert testimony if we find an abuse of discretion. Thomas J. Kline, Inc. v. Lorillard, Inc. , 878 F.2d 791, 799 (4th Cir. 1989).

We believe that the district court did not abuse its discretion in excluding McClelland's expert testimony. A qualified expert witness must provide testimony that is helpful to the trier of fact. Fed. R. Evid. 702. A court may refuse to allow an expert to testify if his factual assumptions are not supported by the evidence. See Sparks v. Gilley Trucking Co., 992 F.2d 50, 54 (4th Cir. 1993). The district court found that McClelland had not performed any tests on the weight bearing capacity of the thumb screw mechanism, had not inspected the saw before preparing his report, and did not know the positions of Hall and his co-worker at the time of the accident. Under these circumstances, the district court did not abuse its discretion in excluding McClelland's testimony on the basis that "there really is no competent expert testimony that would prevent a trier of fact to do other than purely speculate as to what the cause of injury was relative to the saw." (J.A. at 476). Absent McClelland's testimony, Hall has no evidence to prove the defective nature of the saw. The district court was therefore correct in granting Norton's motion for summary judgment.

Even if McClelland's testimony is admitted, Hall cannot make out a prima facie case of breach of warranty under Maryland law in order to survive summary judgment. To prove a breach of warranty under Maryland law, Hall must demonstrate the existence of a warranty, that the warranty was broken, and that the breach was the proximate cause of the harm sustained. See Klein v. Sears, Roebuck & Co., 773 F.2d 1421, 1424 (4th Cir. 1985) (citing Mattos, Inc. v. Hash, 368 A.2d 993, 997 (Md. 1977)). In this case, Hall was unable to prove that the concrete saw was not fit for its ordinary purpose or that it was defective when it left the manufacturer's control. See Giant Food, Inc. v. Washington Coca-Cola Bottling Co., 332 A.2d 1, 10-11 (Md. 1975). In fact, the uncontroverted evidence shows that more than two years passed before Hall even engaged an expert to examine the saw for the first time. During the two and one-half years prior to the instigation of Hall's suit, Perini continued to use the saw, which the district court observed may account for any problems with the saw that Hall's experts may have found. In addition, Hall cannot prove that any

4

alleged defect was the proximate cause of the claimed injury. <u>See Lee v. Baxter Healthcare Corp.</u>, 721 F. Supp. 89, 95 (D. Md. 1989), <u>aff'd</u>, 898 F.2d 146 (4th Cir. 1990). Accordingly, we affirm the district court's grant of summary judgment in Norton's favor.

<u>AFFIRMED</u>

5